**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| DENISE USSIN | CIVIL ACTION |
| VERSUS | NO. 24-962 |
| OLD REPUBLIC INSURANCE COMPANY, ET AL. | SECTION: “R” (3) |

**ORDER AND REASONS**

Before the Court is defendants BellSouth Telecommunications, LLC (BellSouth) and Old Republic Insurance Company (ORIC)’s (collectively, BellSouth Defendants) motion for summary judgment[1] and defendants ACE American Insurance company (ACE), DG Louisiana, LLC (Dollar General), and James Watkins’ (collectively, DG Defendants) motion for summary judgment.[2] Plaintiff opposes both motions;[3] the BellSouth Defendants oppose the DG Defendants’ motion for summary judgment.[4] For the following reasons, the Court grants the BellSouth Defendants’ motion for summary judgment and denies the DG Defendants’ motion for summary judgment.

---

[1] R. Doc. 19.
[2] R. Doc. 24.
[3] R. Docs. 23, 29.
[4] R. Doc. 30.

## I. BACKGROUND

The record establishes that the undisputed facts are as follows. On August 31, 2023, James Watkins was driving a Dollar General 18-wheeler on Dante Street in New Orleans.[5] Neither his truck nor trailer exceeded thirteen feet, six inches.[6] As Watkins crossed Oleander Street, the truck caught an overhead cable owned and maintained by BellSouth.[7] The cable detached and began to fall. Denise Ussin, who was standing across the street five houses down from the intersection where the truck struck the cable, saw the cable falling and then started to move away from the falling cable.[8] Ussin fell to the ground, suffering numerous injuries. The falling cable hit three parked vehicles, the owners of which reported that the cable was already hanging low.[9]

Ussin then sued the BellSouth and DG Defendants. All the defendants now move for summary judgment. BellSouth asserts that there is no genuine dispute of material fact that BellSouth was not the legal cause of Ussin's injuries.[10] The DG Defendants assert that there is no genuine dispute of

5 R. Doc. 29-1, at 15-29.
6 R. Doc. 24-7, at 2.
7 R. Doc. 29-1, at 30-31.
8 R. Doc. 19-4, at 17.
9 R. Doc. 24-1, Exhibit B-2.
10 R. Doc. 19.

material fact that they did not breach any duty owed to Ussin.[11] Plaintiff opposes both motions; the BellSouth Defendants oppose the DG Defendants' motion.

The Court considers the motions below.

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Court considers the evidence in the record without making credibility determinations or weighing the evidence. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party. *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985). If the record could not lead a rational trier of fact to find for the nonmoving party, there is no genuine dispute of material fact. *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the material in the record capable of being made admissible

---

[11] R. Doc. 24.

is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to material capable of being made admissible, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for resolution. *See, e.g.*, *id.*

## III. DISCUSSION

Plaintiff sued all defendants for negligence. To establish an action for negligence under Louisiana law, Ussin must prove five elements by a preponderance of the evidence: 1) the defendant had a duty to conform conduct to a specific standard; 2) the defendant's conduct failed to conform to that standard; 3) the defendant's conduct was a cause-in-fact of the injury; 4) the defendant's conduct was a legal cause of the injury; and 5) proof of damages. *Campbell v. Orient-Express Hotels Louisiana, Inc.*, 403 So. 3d 573, 580 (La. 2025).

As plaintiff must prove all five elements, the failure of anyone one element legally entitles defendants to summary judgment.

**A. BellSouth Defendants**

BellSouth's motion contends that it is entitled to summary judgment because plaintiff cannot establish the fourth element of her negligence claim, legal causation. In Louisiana, the test for whether an actor's conduct was the legal cause of an injury is duty-risk analysis, which asks whether "the risk, and harm caused" was "within the scope of protection afforded by the duty breached." *Roberts v. Benoit*, 605 So. 2d 1032, 1041 (La. 1991). This is a two-part inquiry: (1) whether there was a duty and, (2) if so, whether the injury plaintiff sustained "was within contemplation of the duty." *Id.* at 1044. To determine whether the injury was within contemplation of the duty, Louisiana courts apply the "ease of association" test, inquiring "how easily the risk of injury to plaintiff can be associated with the duty sought to be enforced." *Id.* at 1045. If the duty breached is not easily associated with the damages sustained, there is no legal fault. *Id.* The inquiry is simply whether the harm that befell the plaintiff is easily associated with the type of conduct engaged in by the defendant. *Jones v. Buck Kreihs Marine Repair*, 122 So. 3d 1181, 1186 (La. App. 4 Cir. 2013).

Defendants had a duty to maintain overhead cables in accordance with the height requirements. The remaining inquiry is thus whether injuries from a fall are easily associated with a too-low overhead cable. Defendants

assert that a pedestrian tripping and falling after seeing a too-low cable fall half a block away is not easily associated with a too-low cable. Plaintiffs argue on the contrary that defendants "could have reasonably anticipated that a low hanging line in its control could be struck by a vehicle and then said falling line could cause injury . . . ."[12]

The Court finds that a trip and fall five houses away is not easily associated with a too-low cable. Plaintiff points to nothing in the record supporting a contrary finding. The rationale for the height requirements for cables running over streets is to prevent passing cars and trucks from hitting the cables. *See, e.g.*, *Flowers v. Entergy Corp.*, 2010 WL 346135, at *2 (La. App. 1 Cir. 2010) (noting that the purpose of the National Electric Safety Code, which includes minimum safety standards for the heights of various utility lines, is to provide safe clearance for equipment and people passing under the lines). Such a requirement prevents damage to passing vehicles, but also pedestrians that would be struck by falling cables.

Here, however, Ussin was not hit by a falling cable. Instead, she tripped and fell as she saw the cable begin to fall half a block away.[13] Ussin has cited to nothing suggesting that the cable height requirements were

---

12 R. Doc. 23 at 7.
13 R. Doc. 19-4, at 17.

designed to present trip and falls under circumstances like hers, such that the harm is easily associated with a cable-height requirement. Here, the harm of the fall is not easily associated with the duty to install and maintain cables at a safe height, and thus the risk of the fall occurring was not within the scope of BellSouth's duty to maintain cables at a safe height. Absent an "ease of association," BellSouth's breach of duty to maintain cables at a safe height is not the legal cause of Ussin's injuries. The BellSouth defendants have shown that they are entitled to summary judgment against plaintiff as a matter of law as she cannot establish the essential element of legal causation. Fed. R. Civ. P. 56(a).

**B. DG Defendants**

The DG Defendants seek summary judgment on the ground that plaintiff cannot satisfy her burden to establish that defendant breached a duty to plaintiff for the purpose of her negligence claim. To defeat summary judgment, plaintiff must point to material capable of being made admissible that raises a genuine issue of material fact that Watkins breached his duty of due care.

The DG Defendants rely on *Brule v. Audubon Comm'n*, 902 So. 2d 403 (La. App. 4 Cir. 2005), to support their contention that Watkins did not breach his duty to drive carefully. In that case, a Waste Management truck

struck a tree limb, knocking it to the ground and injuring Brule. *Id.* at 406. The Louisiana Fourth Circuit found that, while the Waste Management truck's striking the tree limb was a cause-in-fact of Brule's injury, Waste Management had not breached its duty. *Id.*

The Fourth Circuit noted that both the New Orleans City Ordinance and Louisiana law allow vehicles up to thirteen feet, six inches to operate on the streets of New Orleans without a special permit. *Id.* The Waste Management truck was below that height. *Id.* The Fourth Circuit reasoned that a motorist "should not be placed in the position of having to estimate a clearance upon approaching it **unless it is quite obvious that the vehicle cannot pass**." *Id.* (emphasis added). The court found that driving the truck into the tree, absent any other evidence of negligence, was insufficient to establish a breach of duty and thus granted summary judgment. *Id.*

The DG Defendants argue that analysis applies here. It is undisputed that the tractor-trailer Watkins was driving was thirteen feet, six inches, and therefore within the permissible height range.[14] The DG Defendants argue that, outside of running into the too-low wire, there is no other evidence of negligence, and thus Ussin cannot establish a breach of duty.

---

[14] R. Doc. 24-7, at 2.

*Brule* did not establish a bright-line rule that driving a vehicle of permissible height into an object or structure of lesser height is not negligent. *Brule* contains a limitation—such an action is not negligent "unless it is quite obvious that the vehicle cannot pass." *Id.* Plaintiff has raised a genuine dispute of material fact as to whether the wire was hanging so low that it was obvious the truck could not pass. The police report reflects that multiple witnesses had noticed that the cable was hanging low prior to the accident,[15] which raises a genuine dispute of material fact as to whether it was so low that it was quite obvious the truck would not pass. *Id.* at 406. Because plaintiff created a genuine dispute of material fact on breach of duty, the DG Defendants are not entitled to summary judgment as a matter of law. The Court denies the DG Defendants' motion for summary judgment.

**C. Timing**

Ussin asserts that, because discovery has not concluded, the Court should deny both motions for summary judgment as premature. The BellSouth defendants assert that the Court should deny the DG Defendants' motion for summary judgment as premature. Because the Court denies the DG Defendants' motion for summary judgment, the Court need only

15 R. Doc. 19-5, at 18.

consider whether the granting the BellSouth defendants' motion is premature.

BellSouth's motion for summary judgment here is not premature. Under Federal Rule of Civil Procedure 56(d), the Court may defer consideration of a motion for summary judgment if the opposing party shows by affidavit or declaration that it cannot present facts essential to justify its opposition. Fed. R. Civ. P. 56(d). Here, Ussin has provided no affidavit or provided any indication as to how additional discovery would create a genuine issue of material fact as to legal causation. Therefore, the Court finds that a delay in considering BellSouth's motion for summary judgment is not warranted.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS BellSouth and ORIC's motion for summary judgment. Plaintiff's claims against BellSouth and ORIC are DISMISSED WITH PREJUDICE. The Court DENIES Dollar General, ACE, and Watkins' motion for summary judgment.

New Orleans, Louisiana this 17th day of December, 2025.

Sarah Vance

**SARAH S. VANCE**
**UNITED STATES DISTRICT JUDGE**