UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DENISE USSIN | CIVIL ACTION |
| VERSUS | NO. 24-962 |
| OLD REPUBLIC INSURANCE COMPANY, ET AL. | SECTION: "R" (3) |

### ORDER AND REASONS

Defendants ACE American Insurance company (ACE), DG Louisiana, LLC (Dollar General), and James Watkins (collectively, DG Defendants) move for summary judgment.[1] Plaintiff opposes the motion.[2] For the following reasons, the Court grants the DG Defendants' motion for summary judgment.

### I.    BACKGROUND

The record establishes that the undisputed facts are as follows. On August 31, 2023, James Watkins was driving a Dollar General 18-wheeler on Dante Street in New Orleans.[3] Neither his truck nor trailer exceeded thirteen feet, six inches.[4] As Watkins crossed Oleander Street, the truck caught an

---

[1]    R. Doc. 42.
[2]    R. Doc. 43.
[3]    R. Doc. 29-1, at 15-29.
[4]    R. Doc. 24-7, at 2.

1

overhead cable owned and maintained by BellSouth.[5] The cable detached and began to fall. Denise Ussin, who was standing across the street five houses down from the intersection where the truck struck the cable, saw the cable falling and then started to move away from the falling cable.[6] Ussin fell to the ground, suffering numerous injuries. The falling cable hit three parked vehicles, the owners of which reported that the cable was already hanging low.[7]

Ussin then sued BellSouth and the DG Defendants. All the defendants moved for summary judgment. The Court granted BellSouth's motion for summary judgment on the ground that BellSouth was not the legal cause of Ussin's injuries.[8] The Court denied the DG Defendants' motion, finding that there was a genuine dispute of material fact as to whether the DG Defendants breached a duty owed to Ussin.[9]

The DG Defendants now move again for summary judgment, asserting that the DG Defendants' actions were not the legal cause of Ussin's injuries.[10]

The Court considers the motion below.

---

[5]    R. Doc. 29-1, at 30-31.
[6]    R. Doc. 19-4, at 17.
[7]    R. Doc. 24-1, Exhibit B-2.
[8]    R. Doc. 19.
[9]    R. Doc. 24.
[10]   R. Doc. 42.

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Court considers the evidence in the record without making credibility determinations or weighing the evidence. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party. *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985). If the record could not lead a rational trier of fact to find for the nonmoving party, there is no genuine dispute of material fact. *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the material in the record capable of being made admissible is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to material capable of being made admissible, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must

3

identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*

### III. DISCUSSION

**A. Legal Cause**

Plaintiff sued defendants for negligence. To establish an action for negligence under Louisiana law, Ussin must prove five elements by a preponderance of the evidence: (1) the defendant had a duty to conform conduct to a specific standard; (2) the defendant's conduct failed to conform to that standard; (3) the defendant's conduct was a cause-in-fact of the injury; (4) the defendant's conduct was a legal cause of the injury; and (5) proof of damages. *Campbell v. Orient-Express Hotels Louisiana, Inc.*, 403 So. 3d 573, 580 (La. 2025).

As plaintiff must prove all five elements, the failure of anyone one element legally entitles defendants to summary judgment. *See, e.g., Farrell v. Circle K Stores, Inc.*, 359 So. 3d 467, 473 (La. 2023). Ussin's argument to the contrary, that the Court's previous finding that there is a genuine dispute of material fact as to breach bars summary judgment, is incorrect.[11]

DG's motion contends that it is entitled to summary judgment because Ussin cannot establish the fourth element of her negligence claim, legal

---

11  *See* R. Doc. 43, at 8.

4

causation. In Louisiana, the test for whether an actor's conduct was the legal cause of an injury is duty-risk analysis, which asks whether "the risk, and harm caused" was "within the scope of protection afforded by the duty breached." *Roberts v. Benoit*, 605 So. 2d 1032, 1041 (La. 1991). This is a two-part inquiry: (1) whether there was a duty and, (2) if so, whether the injury plaintiff sustained "was within contemplation of the duty." *Id.* at 1044. To determine whether the injury was within contemplation of the duty, Louisiana courts apply the "ease of association" test, inquiring "how easily the risk of injury to plaintiff can be associated with the duty sought to be enforced." *Id.* at 1045. If the duty breached is not easily associated with the damages sustained, there is no legal fault. *Id.* The inquiry is simply whether the harm that befell the plaintiff is easily associated with the type of conduct engaged in by the defendant. *Jones v. Buck Kreihs Marine Repair*, 122 So. 3d 1181, 1186 (La. App. 4th Cir. 2013).

Undisputedly, Watkins had a duty to drive with due care. The remaining inquiry is thus whether injuries from a trip-and-fall are easily associated with a violation of the defendants' duty to drive with due care.[12] Defendants assert that a pedestrian tripping and falling after hearing a truck

---

[12] The Court does not determine whether Watkins did in fact breach the duty of due care but accepts *arguendo* that he did for the purposes of this motion.

5

strike a too-low cable half a block away is not easily associated with the duty to exercise reasonable care while driving. Ussin asserts on the contrary that "heavy trucks causing destruction on city streets cause people to run."[13]

The "essence" of the inquiry is whether the duty was "designed, at least in part, to afford protection to the class of claimants of which the plaintiff is a member" from the hazard. *Chanthsalo v. Deshotel*, 234 So. 3d 1103, 1108 (La. App. 4th Cir. 2017) (citations omitted). Ussin points to, and this Court has found, nothing to suggest that the duty to drive carefully is designed to protect bystanders who trip and fall after hearing a loud noise and seeing a wire swinging. The Court finds that a trip-and-fall five houses away is not easily associated with a truck driving into a too-low wire.

Ussin makes two arguments to the contrary. First, Ussin argues that the trip-and-fall is easily associated with the duty to drive carefully under the theory that the scope of Watkins' duty was large and "dynamic." Such a distinction between "dynamic" and "static" negligence has no root in the case law.[14] Indeed, Ussin cites no cases for this proposition. Further, the distinction would not change the applicable test, which remains whether the harm of the fall is easily associated with a duty to drive carefully.

---

[13] R. Doc. 23 at 7.
[14] R. Doc. 43, at 6.

Second, Ussin argues, without citing any supportive case law, that the defendant created a "Sudden Emergency" and was therefore the legal cause of Ussin's harm. In Louisiana, the "sudden emergency" doctrine provides that an individual in a position of imminent peril is not guilty of negligence if he "fails to adopt what subsequently and upon reflection may be the better method, unless the emergency is brought about by his own negligence." *Manno v. Gutierrez*, 934 So. 2d 112, 117 (La. App. 1st Cir. 2006). This doctrine does not apply here. It would apply if, for example, Ussin was fleeing a sudden emergency and negligently injured another. It does not, however, expand the scope of duty of the initial actor.

Here, the harm of the fall is not easily associated with the duty to drive carefully, and thus the risk of the fall occurring was not within the scope of Watkins' duty to drive carefully. The duty to drive carefully is not substantially related to the harm of a trip-and-fall, as would be required to establish an ease of association. *Sinitiere v. Lavergne*, 391 So. 2d 821, 825 (La. 1980). Absent an "ease of association," Watkins' alleged breach of duty to drive carefully is not the legal cause of Ussin's injuries. The DG Defendants have shown that they are entitled to summary judgment against Ussin as a matter of law as she cannot establish the essential element of legal causation. Fed. R. Civ. P. 56(a).

## B. Procedural Objection

Ussin asserts a procedural objection against the motion for summary judgment as an improper successive motion. There is no such bar against successive summary judgment motions in either the Federal Rules of Civil Procedure or the Fifth Circuit. *See Hudson v. Cleco Corp.*, 539 F. App'x 615, 617-18 (5th Cir. 2013) (noting that a "decision to permit successive summary judgment motion . . . best lies at the district court's discretion"). There is no bar on bringing a second timely summary judgment motion under a distinct legal theory.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Dollar General, ACE, and Watkins' motion for summary judgment.

Ussin's claims are DISMISSED WITH PREJUDICE.


New Orleans, Louisiana this ___15th___ day of January, 2026.

_____
**SARAH S. VANCE**
**UNITED STATES DISTRICT JUDGE**